**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Denise L. Brown, | ) | Civil Action No. 9:20-4222-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Team Placement Service, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Defendant's partial motion for summary judgment be granted. (Dkt. No. 25.) Plaintiff does not object. For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendants' partial motion for summary judgment. The Court also declines to exercise supplemental jurisdiction over the remaining state law claim.

**I.     Background**

This is an employment discrimination action. Defendant is the successor of a staffing company, DPS, Inc., that had a contract with the Navy to provide dental health staffing services to a military hospital facility in Beaufort, South Carolina. Plaintiff worked as a dental assistant at one such facility from 1998 to 2019. She alleges that she was hired by DPS, Inc., a Navy contractor, in 2018 and that employment ended in 2019 when DPS, Inc.'s contract with the government ended. While working for DPS, Inc., Plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission, alleging that she was denied reasonable accommodation. Plaintiff worked for Defendant, a sub-contractor, from October 1, 2019 to November 2019. While working for Defendant, Plaintiff filed a Charge of Discrimination against DPS, Inc. alleging sexual harassment, disability discrimination, and retaliation.

Defendant terminated Plaintiff's employment after the general contractor received communication from the Navy regarding Plaintiff's medical condition causing her to be in the restroom and therefore unavailable during clinic hours and regarding a concern with unnecessarily exposing patients to radiation.

Plaintiff brings claims against Defendant for (1) violation of the American with Disabilities Act ("ADA") for failure to provide reasonable accommodations and retaliation; (2) sexual harassment in violation of Title VII of the Civil Rights Act of 1964; (3) retaliation in violation of Title VII, and (4) breach of contract. (Dkt. No. 7.)  Defendant moves for summary judgment on the first three claims, to which Plaintiff responded in opposition and Defendant replied. (Dkt. Nos. 21, 23, 24.)  The Magistrate Judge recommends granting Defendants' motion, to which Plaintiff does not object.

## II.    Legal Standard

### A.    Review of the R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.  In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

B.   **Motion for Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

III.  **Discussion**

A.   **The Three Federal Statutory Claims**

Defendant argues that (1) it did not employ Plaintiff during the time period of alleged discrimination; (2) Plaintiff failed to exhaust her administrative remedies prior to bringing suit, and (3) there is no basis for successor liability. As the Magistrate Judge notes, Plaintiff seeks to

hold Defendant liable for its own conduct, after it became her employer in October 2019, as well as for her prior employer, DPS, Inc.'s, conduct.

First, regarding Plaintiff's claims sounding in Defendant's own conduct, Title VII makes it unlawful for an employer to discriminate against an individual on the basis of race, color, religion, or national origin, 42 U.S.C. § 2000e-2(a), and the ADA prohibits an employer from discriminating against an employee on the basis of disability, 42 U.S.C. § 12112(a). Plaintiff was employed by Defendant from October 1, 2019 to November 20, 2019. To bring a claim based on unlawful employment practices by Defendant during that time, Plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act. 42 U.S.C. §§ 2000e-5(f)(1), 2000e-5(1)(1). Each discrete incident of discriminatory treatment must be administrative exhausted. *See King v. Seaboard Coast Line R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976). The record undisputedly reflects that Plaintiff did not name Defendant in her administrative charge. (Dkt. Nos. 21-1, 21-6.) To determine whether a claim against Defendant could be reasonably encompassed in the charge against DPS, Inc., the Court must consider only the claims stated in an administrative charge, reasonably related to the original charge, and developed by reasonable investigation of the original charge, may be maintained in a subsequent lawsuit. *See Evans v. Techs. Applications & Serv. Co.* 80 F.3d 954, 963 (4th Cir. 1996); *Bradley v. United Parcel Serv., Inc.*, No. 3:15-cv-4734-CMC-KDW, 2016 WL 1521559, at *5 (D.S.C. Mar. 11, 2016). Here, as the Magistrate Judge identified, there are no allegations against Defendant in the charge, and the charge states that the time period of discrimination was from February 14, 2018 to September 30, 2019, which is the day before Defendant hired Plaintiff. (Dkt. No. 21-1.) Plaintiff did not seek to amend her

charge to name Defendant and did not select the "continuing action" box on the charge. (Dkt. No. 23-21.)

Plaintiff attempts to compensate by now asserting a theory of successor liability. Successor liability queries whether imposing a legal obligation would be equitable and in keeping with federal policy. *See Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 553-54 (6th Cir. 2006). Courts have applied it to employment discrimination claims after appropriately balancing several relevant factors:

> 1) whether the successor company had notice of the charge, 2) the ability of the predecessor to provide relief, 3) whether there has been a substantial continuity of business operations, 4) whether the new employer uses the same plant, 5) whether he uses the same or substantially the same work force, 6) whether he uses the same or substantially the same supervisory personnel, 7) whether the same jobs exist under substantially the same working conditions, 8) whether he uses the same machinery, equipment and methods of production and 9) whether he produces the same product.

*EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1094 (6th Cir. 1974); *see also Lipscomb v. Techs., Servs., & Information, Inc.*, No. 09-3344-DKC, 2011 WL 691605, at *7-8 (D. Md. Feb 18, 2011). Aside from the first two factors, "the remaining seven imply provid[e] a foundation for analyzing the larger question of whether there is a continuity in operations and the work force." *Conner v. Colony Lake Lure*, No. 4:97-cv-01, 1997 WL 816511, at *5 n.3 (W.D.N.C. Sept. 4, 1997). The Magistrate Judge carefully analyzed each factor and determined that they do not weigh in favor of applying successor liability here; in particular: the complete lack of record evidence of privity between Defendant and DPS, Inc.; that Plaintiff cannot demonstrate Defendant had notice, ability to provide relief, and continuity of business; and the resulting lack of equity from imposing a legal obligation on Defendant for DPS Inc.'s conduct where there is no record evidence that Defendant had knowledge of DPS Inc.'s conduct, access to its records, or notice of the charge naming DPS, Inc.

In sum, the Court has carefully reviewed the Magistrate Judge's findings and, in light of no objection from Plaintiff, the Court finds no clear error on the face of the record. *See* Fed. R. Civ. P. 72 advisory committee's note. Defendants' partial motion for summary judgment is granted to dismiss the first, second and third causes of action, which are brought under the ADA and Title VII.

**B.     The Remaining State Law Claim**

Plaintiff's fourth claim is for breach of the Contractor/Employee Manual. She alleges that Defendant made unambiguous promises therein regarding non-discrimination, progressive discipline, and sexual harassment, which Defendant breached by terminating her for "a first offense which was minor." (Dkt. No. 7 ¶ 129.) Defendant does not move for summary judgment on this claim and therefore the Magistrate Judge does not address it.

But with the federal question claims dismissed, Plaintiff's remaining South Carolina law claim is also subject to dismissal. The district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367; *see also Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006) ("Once a district court has dismissed the federal claims in an action, it maintains wide discretion to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction.") (internal quotation marks omitted). In declining to exercise supplemental jurisdiction, the Court considers "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Here, the Court is unable to find that the parties would be inconvenienced or unfairly prejudiced by declining to exercise jurisdiction over this breach of contract claim, nor does the Court find any underlying issues of

federal policy involved in this state law claim. The comity factor further weighs in favor of declining to exercise jurisdiction, as do considerations of judicial economy. As a result, the fourth cause of action for breach of contract is dismissed without prejudice.

### IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R as the order of the Court. (Dkt. No. 25.) Defendants' motion for summary judgment (Dkt. No. 21) is granted and the first, second and third causes of action are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claim for breach of contract, which is therefore dismissed without prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 8, 2022
Charleston, South Carolina